MAYOR AND CITY COUNCIL OF NASHVILLE v. W. E. WARD.

1. CORPORATION. An institution can not be incorporated without mentioning or providing for any person or persons to perform the duties or exercise the rights conferred; and hence, the act of February 3 1869, did not confer a valid charter upon "Ward's Seminary."

2. TAXATION. *Constitutional law.* So much of the act of February 3, 1869, as undertook to exempt property of Ward from taxation, is unconstitutional.

3. TAXATION. The act of 1882, exempted from taxation property used for purposes purely educational, and included property belonging to private persons, used for educational purpoees.

4. SAME. But the act of 1883 exempted from taxation property belonging to incorporated institutions of learning, and not property belonging to private individuals, though used for educational purposes.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

SAMUEL WATSON and J. D. BRADFORD for complainant.

F. E. WILLIAMS, VERTREES & VERTREES and JNO. V. WRIGHT for defendant.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed March 6, 1885, in the chancery court at Nashville, for the purpose of collecting taxes alleged to be due from defendant on certain property in the city, for the years 1881, 1882,

1883 and 1884. Taxes for each of said years were assessed upon the property by the collector for the city, February 27, 1885.

It is claimed by the defendant, that the property, consisting of two lots, one on McLemore and one on Spruce street, both of which are described in the pleadings, are not liable to taxation, being exempt because of their use for educational purposes.

It appears that defendant purchased one of the lots, that one fronting on Spruce street, in 1866, and opened a school for young ladies thereon, known as "Ward's Seminary for Young Ladies," and in 1882 or 1883, he purchased the smaller lot and erected a building thereon adjacent to those on the Spruce street lot, for the general purposes of the school.

In February, 1869, the General Assembly of Tennessee passed an act to incorporate "Ward's Seminary," the first section of which is as follows: "Be it enacted by the General Assembly of the State of Tennessee, that W. E. Ward, having purchased a house and lot in Nashville for the exclusive purpose of female education, and has had the same in successful operation for three years past; that said institution is hereby incorporated under the name and style of 'Ward's Seminary for Young Ladies,' and by said name may have succession for ninety-nine years; may have a common seal, and is hereby invested with all legal powers to buy, receive, possess, hold and dispose of any property for the use and benefit of said institution; may sue and be sued, plead and be impleaded in all the courts of this State, and that said

institution is incorporated for the purpose of female education."

The second section confers the power of granting literary degrees, etc.

The third section is as follows: "Be it further enacted, that the ground and building, apparatus and school furniture, be exempt from taxation, State, county and corporation, while the same are employed for educational purposes."

The smaller lot was purchased after the passage of the above recited act, but it is claimed that it is exempt under the general exemption laws of the State, which by their terms would also exempt the larger lot and its improvements.

The chancellor held that the two lots and buildings belonged to defendant individually, and not to "Ward's Seminary for Young Ladies," and since said property does not belong to "Ward's Seminary for Young Ladies," it was not exempt from taxation under section three of said charter, which was adjudged to be a valid charter of incorporation of said seminary. The chancellor further held that Article 2, section 28, of the Constitution of 1870, which empowers the Legislature to exempt from taxation property held and used for purposes purely educational, does not prohibit the exemption of defendant's property. But the court was of opinion, and so decreed, that the revenue act of 1883 only exempts such property held for educational purposes as belongs to chartered institutions, and that defendant's property is liable to taxation for the years 1883 and 1884, but that under the act of 1882,

the said property is exempt from taxation for the years 1881 and 1882.

Both parties have appealed.

The first question presented is, does the act of February 3, 1869, constitute a valid incorporation of any person or persons, by the name and style of "Ward's Seminary for Young Ladies?"

The first section recites that "W. E. Ward having purchased a house and lot in Nashville for the exclusive purpose of female education, and had the same in successful operation for three years past; that said institution is hereby incorporated under the name of 'Ward's Seminary for Young Ladies.'"

Neither the balance of this section nor the following sections, show that any person or thing is intended to be incorporated other than as expressed above.

Morawetz, in his treatise on the law of Private Corporations, gives several definitions by several distinguished jurists, defining a corporation to be "an artificial being, invisible, intangible and existing only in contemplation of law." Again, as "a legal entity, a creature of the law, a legal institution, a fictitious or political person." And again, as "a collection of many individuals united into one body, under a special denomination, having a perpetual succession, with the capacity of acting as an individual, with power to take and grant property, to contract," etc.

The author says it is evident, however, that a corporation is not a person, or a thing distinct from the persons who compose it. The word corporation is a collective name for the corporators or members who

compose an incorporated association. And although a corporation is frequently spoken of as a person or unit, we must bear in mind that the existence of a corporation, independently of its shareholders, is a fiction, and that the rights and duties of an incorporated association, are in reality the rights and duties of the persons who compose it: Morawetz on Private Corporations, sec. 1.

No particular form of words is necessary to create a corporation. This intention . may be deduced from the whole of the legislative act. An act giving an association powers and privileges which it can exercise and enjoy only as a body, incorporates the association for that purpose. Thus the statute chartering the Arkansas State Bank, contained no express words incorporating any particular persons, but provided the bank should be under the management of a number of directors to be chosen by the Legislature, and conferred on them the usual banking powers. This was held to incorporate the directors, inasmuch as they could exercise the powers conferred upon them only in their corporate capacity: *Id.*, sec. 9.

But, by the act of February 3, 1869, no person or persons are incorporated, but the institution, without mentioning any person or persons charged to perform the duties or exercise the rights conferred. No trustees, shareholders or other persons are incorporated. This case is not like the cases cited for defendant, where an association of persons already in existence may be incorporated. So that we are constrained to hold, that the act in question, did not confer a valid

charter upon the *institution*, which enabled it to perform the duties and exercise the rights which the act attempted..to confer, without the agency of natural persons. But the act does show upon its face that defendant was the owner of the house and lot which was exclusively used for purposes of education. And the third section does provide that this house and lot and apparatus and school furniture shall be exempt from taxation, State, county and corporation, while the same are employed for educational purposes.

If the Legislature had power to grant this statutory exemption, and the condition that it should be exempt so long as used for educational purposes is a contract, or consideration, or obligation by the defendant to so use it, then it would be exempt as long as it is so used by the defendant.

The act of 1869, under which the exemption is claimed, by its first section, recognizes defendant, Ward, as the purchaser and owner of the house and lot in Nashville, which the third section of the act, in terms, exempts from taxation while used for educational purposes. The school was already in operation, and the act provides that this property of defendant, Ward, shall not be subject to tax while used for educational purposes. It is an act to exempt the property of an individual from taxation, and such an act is now, as it was under the Constitution of 1834, forbidden in the prohibition of the Legislature from passing any law granting to any individual, or individuals, rights, privileges, immunities or exemptions, other than such as may be, by the same law, extended to any member

of the community who may be able to bring himself within the provisions of such law. If the Legislature had had the power—being but a simple grant of exemption, without consideration—it might repeal it at any time.

The act of 1881 exempted from taxation all property belonging to any religious, charitable, scientific or educational institution not exceeding $50,000 in value. The second section of the same act exempts all property belonging to public schools, colleges, academies and other seminaries of learning, not exceeding $50,000 in value.

The act of 1882 amends the act of 1881 by striking out the limit in value, and adding, as exempted, "property belonging to private persons exclusively and actually used for educational or charitable purposes, *provided* that the exemption shall not apply to property where the owners thereof rent the same or derive an income therefrom." And the next section provides that all educational institutions are hereby relieved from all liability for taxes for the years 1881 and 1882, as provided in the above section.

This act of 1882, passed in April, expressly provides for the exemption of private property exclusively and actually used for educational or charitable purposes, unless the owners rent the same or derive an income therefrom. And the same act relieves all educational institutions of taxes for 1881 and 1882, as provided by preceding section, which, in terms, exempted private property used, etc.

It is insisted that as the owner of the property

3—VOL. 16.

lived in the building and receives tuition fees, it was not used exclusively for educational purposes.

The facts show that the building is a large one, and that the defendant is principal of the institution, and has a large and flourishing school; that no part of the property is rented out, nor does he receive any income from the property by its use for other than educational purposes, and it can not be said that he derives any income from the *property;* it is the school taught in and on the property that furnishes the income. Certainly it was not the purpose of the proviso to deprive defendant of the privilege of charging for tuition, but to restrict him to the exclusive use of the property for educational purposes. The property has been so used in this case. The occupancy of a small part of it by the principal and manager is essential to its proper management, and no diversion of it to other uses. And the Legislature has the power, under section 28 of Article 2, of the Constitution, to exempt from taxation "all property held and used for purposes purely educational," although it may be so held and used by private persons. And we think the act of 1882 does so exempt the property of defendant for the years 1881 and 1882.

The second section of the act of 1883 exempts property belonging to religious, charitable, scientific, literary or educational institutions used for the purposes for which they were created.

We think the fair construction of this section is, that the institutions created are such as have been so created by acts of incorporation, and that the property

exempted must be owned by or belong to such corporation. And the third section of said act, which exempts all property *belonging* to public schools, colleges, academies and other seminaries of learning, means such property as the several institutions *owned*, and not such as belonged to private individuals, although used for educational purposes.

In the acts of 1882 and 1883, the terms used to describe ownership, both in respect to "private persons" and "institutions," are "belonging to," and these terms were intended to and do import ownership. The act of 1883 leaves out the provision for exemption of property of private persons contained in the act of 1882, and this no doubt was purposely done.

We are of opinion, therefore, that except as to the validity of the act of 1869, as an act of incorporation, the chancellor's decree is correct, and will be affirmed.